Brian R. Strange (SBN 103252)
lacounsel@earthlink.net
Gretchen Carpenter (SBN 180525)
gcarpenter@strangeandcarpenter.com
John P. Kristensen (SBN 224132)
jkristensen@strangeandcarpenter.com
STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
Telephone: (310) 207-5055
Fax: (310) 826-3210

Michael Louis Kelly (SBN 82063)
mlk@kirtlandpackard.com
Behram V. Parekh (SBN 180361)
bvp@kirtlandpackard.com
Heather M. Peterson (SBN 261303)
hmp@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue, Fourth Floor
El Segundo, California 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

*Counsel for Plaintiff and all others similarly situated*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DIANA RAMIREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREESCORE, LLC; VERTRUE, INC.; VERTRUE, LLC; ADAPTIVE MARKETING LLC; IDAPTIVE MARKETING LLC; VELO HOLDINGS INC.; and DOES 1-50, inclusive,<br><br>Defendants. | **Case No. CV11-00720-JST (MLGx)**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' NOTICE OF RELATED CASES PURSUANT TO L.R. 83-1.3.2**<br><br>Case Filed: April 6, 2011<br><br>Assigned to the Hon. Josephine Staton Tucker |

Plaintiff Diana Ramirez ("Plaintiff") on behalf of herself and all others similarly situated, hereby submits the following Opposition to Defendants FreeScore, LLC, Vertrue, Inc., Vertrue, LLC, Adaptive Marketing LLC, Idaptive Marketing LLC, and Velo Holdings Inc.'s (collectively, "Defendants") Notice of Related Cases.

The instant matter and *Baxter v. Intelius, Inc., et al.,* No. SA CV-09-01031-AG (MLGx) ("*Baxter*") are not related. The cases involve different transactions, products, representations, and parties. Different plaintiffs are involved. Five of the defendants in this case were not even parties in the *Baxter* case; only one defendant is the same. The proposed classes are not related in any manner; this case, unlike *Baxter*, involves a nationwide class asserting claims under Connecticut law. The factual and legal issues are completely different. Moreover, the *Baxter* case has already been dismissed, so no savings of judicial resources will be had from relating the cases moving forward.

The standard for related cases is far stricter than what Defendants suggest. Under Defendants' standard, a defendant will de facto have all cases filed in a given court assigned to one single judge in perpetuity regardless of how tenuous the relationship between the cases.

**I.     The Instant Case**

This lawsuit arises out of Defendants' marketing and sale of allegedly "free" credit reports under the moniker "Freescore." Congress passed the Fair and Accurate Credit Transaction Act ("FACT Act") a number of years ago, permitting individuals to obtain periodic free credit reports from the three nationwide consumer credit reporting companies—Equifax, Experian, and TransUnion.

The FACT Act created a website called AnnualCreditReport.com where consumers could receive their actual "free" credit reports. Individuals obviously need to provide some personal information to obtain the "free" credit report. Defendants decided to mislead the public into believing their site was the

congressionally mandated "free" credit report website.

There is nothing free about FreeScore's service: after a consumer arrives at the website and "joins" FreeScore.com by providing the personal financial information FreeScore requires for its allegedly "free" service, FreeScore enrolls the consumer in a credit monitoring membership that automatically charges/debits $19.95 each month, or $239.40 a year, unless the consumer contacts FreeScore to go through an onerous opt-out procedure.

Based on these allegations, Plaintiff seeks to represent a nationwide class and has asserted claims under the Connecticut Unfair Trade Practices Act, C.G.S.A. §§ 42-110a, *et seq.* and the Connecticut Unfair Sales Practices Act, C.G.S.A. § 42-115p,[1] as well as claims on behalf of a California subclass for violations of the Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*, the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*.

## II.     **The Baxter Case**

*Baxter* did not involve a website disguised as the location to obtain the government mandated free credit report. *Baxter* involved a website that provided background checks on other individuals and reverse phone searches. Once the party agreed to pay and had completed one transaction, they would be made an offer for an additional product. The *Baxter* case centered on secondary transactions and whether it was an improper "upsell." The allegations simply have nothing to do with the allegations here.

## III.    **The Cases are Not Related Pursuant to Local Rule 83-1.3.1**

Local Rule 83-1.3.1 identifies four factors for determining whether an action is related to a currently pending or previously filed case. The factors are that the actions appear: (a) to arise from the same or a closely related transaction, happening

---

[1] These claims are based on a Connecticut choice of law provision

or event; or (b) to call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges; or (d) to involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c is present. Defendants effectively concede that factors (a) and (d) are not met, but request that the cases be related pursuant to factors (b) and/or (c). However, the instant matter is not related to *Baxter* under these factors.[2]

### A. The Cases do not Call for Determination of the Same Questions of Fact *and* Law

Notably, factor (b) set forth in Local Rule 83-1.3.1 requires that the cases involve the same or substantially related or similar questions of law and fact.[3] This factor is not met here. The cases do not involve the same or even similar questions of fact. As explained above, the instant case is about Defendants tricking consumers into believing they are the government sponsored website for "free" credit reports and then signing them up for a monthly "membership." The *Baxter* case concerned secondary products after people agreed to pay for background checks on others. These cases are also very different and fact specific because they involve determinations of whether or not the specific language and layout of completely different websites is false or misleading. Since these two websites are completely unrelated, look completely different, and contain different language, there is no factual overlap. The facts are simply not the same.

---

[2] In fact, if this case is to be related to any other case, it should be related to *Winzen v. Consumerinfo.com, Inc., et al.*, Case No. No. SACV10-1783 JVS (RZx), a case that is currently pending in this Court and assigned to Judge Selna (and which has itself been related to two other cases, *Huyge v. Experian Information Solutions Inc., et al.*, Case No. 8:10-cv-01463-JVS -RZ and *Possin v. Experian Information Solutions Inc.*, Case No. 8:10-cv-00156-JVS-AN). Those cases assert similar allegations as this case, but relating to the freecreditreport.com website.

[3] It makes sense that both the facts and the legal issues must be the same. After all, obviously, many cases involve the same legal claims and causes of action, applied to completely different facts. This does not make them "related."

Neither are the legal issues the same. This is a nationwide class action asserting claims under Connecticut law. While Plaintiff has also asserted California claims on behalf of a California subclass, the existence of some (but not all) of the same causes of action, applied to completely different facts, certainly does not make cases "related."

### B. There are No Other Reasons Denial of Related Case Transfer Would Entail Substantial Duplication of Labor

Defendants also contend that these cases are related because they "would entail substantial duplication of labor if heard by different judges." As set forth above, there is nothing duplicative about the cases, except that one of five defendants in the instant matter was involved in *Baxter*, a case that is no longer even pending. Particularly in light of the fact that the *Baxter* case has been dismissed and is no longer even pending before Judge Guilford, there is simply nothing for this Court to "duplicate" in this action. *See, e.g.*, *ESS Technology, Inc. v. PC-Tel, Inc.*, 2001 WL 1891713 at *6 (N.D. Cal. 2001) (declining to relate three cases sharing a common issue regarding the reasonableness of a license proposal where "resolution of this issue is dependent of a multitude of case-specific facts and issues," such that relating the cases was not likely to conserve judicial resources).

### IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this case not be transferred as a related case.

Respectfully submitted,

DATED: May 17, 2011          STRANGE & CARPENTER

By:      /s/   Gretchen Carpenter
    Brian R. Strange
    Gretchen Carpenter
    John P. Kristensen